IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Interiors, Ltd. of Rock Hill, | ) | C/A No.: 0:08-4018-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING SANCTIONS |
| Patricia Lancaster Piner; Ben R. | ) | |
| Piner, Jr.; Charles Patrick Poole; | ) | |
| Marcia B. Lancaster; and Pamela | ) | |
| Lancaster Leonard, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the court on plaintiff's motion for sanctions [dkt. # 61]. Plaintiff filed its motion on December 22, 2009; no defendant answered to meet plaintiff's allegations. The court notes that this is the seventh motion filed by the plaintiff relating to discovery requests.

Plaintiff's motion relates to discovery sought in its second interrogatories and its request for admission. The desired discovery, served on July 2, 2009, sought information about the identification of payment records that the defendants claim to have made for plaintiff's merchandise as well as merchandise the defendants deny receiving. In response to the defendants' obstinance, the plaintiff seeks to prevent the defendants from introducing evidence or testimony at trial concerning payments claimed that are not reflected in plaintiff's accounts. The defendants' alleged payments that are not reflected in plaintiff's accounts are itemized below:

<u>Defendant Charles Patrick Poole</u>
January 2005: $14,000 (cash)

<u>Defendant Marcia B. Lancaster</u>
January 2003: $75.00 (check 1305)
November 2003: $2,000.00 (check 1366)
May 2004: $8,470.00 (Visa)
October 2004: $1,000.00 (Visa)
November 2004 $140.00 (check 1466)
July 2005 $2,606 (Visa)

<u>Defendant Pamela Lancaster Leonard</u>
August 2002: $800.00 (Visa)
December 2002/03: $223.00 (check 9190)
April 2003: $920.00 (Visa)
September 2003: $3,920.00 (check 9716)
May 2004: $529.20 (Visa)

Plaintiff argues that barring the above payments as a defense in this case is warranted by the defendants' history of noncompliance with court orders requiring affirmative action. In support of its argument, plaintiff asserts that the defendants have failed to pay the sanction of $975.00 levied in the court's August 3, 2009 order [dkt. # 55].

Rule 37(d)(1)(ii) provides that a court, on motion, may order sanctions for failure to respond to interrogatories. The rule provides that sanctions may include prohibiting the a party from supporting or opposing designated defenses, or from introducing designated matters into evidence. Fed. R. Civ. P. 37(d)(3). The court finds the desired sanctions appropriate considering the circumstances of the case and authorized under Rule 37. Accordingly, the court hereby prohibits the defendants from submitting testimony or evidence at trial concerning the payments alleged above.

IT IS SO ORDERED.

January 28, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge