IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Rev. 12/10



# BAR MEETING NOTICE
### AND SPECIAL PRETRIAL INSTRUCTIONS

## JANUARY/FEBRUARY 2011 TERM OF COURT

### HONORABLE JOSEPH F. ANDERSON, JR., UNITED STATES DISTRICT JUDGE

---

TO:    MEMBERS OF THE BAR HAVING CIVIL CASES LISTED HEREIN

---

Please take notice that The Honorable Joseph F. Anderson, United States District Judge, has scheduled a BAR MEETING at **3:00 pm on Thursday, December 16, 2010 in Courtroom No. IV** of the United States District Courthouse, 901 Richland Street, Columbia, South Carolina. The purpose of the bar meeting is to finalize a roster of cases for trial during the **January/February 2011** term of court.

The term begins with **JURY SELECTION at 9:30 am on Tuesday, January 11, 2011.**

By direction of the Court,

LARRY W. PROPES, CLERK

s/Brian D. Shropshire

Brian Shropshire, Deputy Clerk
(803) 253-3478

Attachments

The information and forms in this Bar Meeting Notice will not be redistributed prior to the pretrial conference. Therefore, counsel should keep this notice on file for reference during the entire term of court. Copies of these materials may be downloaded from the district court website at www.scd.uscourts.gov.

# CIVIL CASES FOR TRIAL
## JANUARY/FEBRUARY 2011 TERM OF COURT

| Case No. | Case Name | Counsel | |
|----------|-----------|---------|---|
| 3:08-1526 | United States v. Simons | Barnett | p |
| 0:08-4018 | Interiors v. Piner | McDow | p |
| | | Nettles | d |
| 3:09-417 | Passarella v. Ginn Company | Lewis | p |
| | | Protopapas | p |
| | | Hood | p |
| | | Andrews | p |
| | | Robertson | p |
| | | Powell | d |
| | | Peel | d |
| 3:10-851 | J&J Sports Productions v. Precinct Bar | Jordan | p |
| | | Hardee | d |
| 0:10-1747 | Jennings v. Helda | Mack | p |
| | | DuRant | p |
| | | Watson | p |
| | | Stepp | p |
| | | Cundari | p |
| | | Manos | d |

# SPECIAL PRETRIAL INSTRUCTIONS

## JUDGE JOSEPH F. ANDERSON, JR.

## ATTENDANCE

All attorneys and unrepresented parties with cases listed on the attached roster are required to attend the bar meeting or to send an attorney knowledgeable about the case.

## TRIAL DATES

Beginning the day after jury selection, the cases will be tried in chronological order (i.e., in order of the date the cases were filed).

As noted in the scheduling orders entered in each of the cases listed in this Bar Meeting Notice, the cases will go to trial during this term of court. The scheduling order previously entered does not give a "subject to being called on or after" date. It gives a firm trial date. Counsel, parties, and witnesses should plan their schedules, including vacations, accordingly.

## MAGISTRATE JUDGES

United States Magistrate Judges of the district court, may conduct any or all proceedings in a civil case, including jury or non-jury trials, upon consent of all parties and with the approval of the district judge. 28 U.S.C. § 636(c). Magistrate Judges are normally able to provide a date certain for trial. For any parties who wish to consent to a trial before a magistrate judge, the NOTICE OF AVAILABILITY OF A U.S. MAGISTRATE JUDGE TO EXERCISE JURISDICTION FORM is attached to this notice. To avoid scheduling problems, this form should be submitted on or before the date set for the bar meeting. A Magistrate Judge cannot be assigned until the signed form is filed with the Clerk's Office.

## SETTLEMENTS

If any cases are settled, please notify the court immediately at 803-765-5136. Normally, the court will enter a conditional order of dismissal (RUBIN ORDER) which allows the parties an additional sixty days to effect the agreed-to settlement. If the conditional order of dismissal is not acceptable to the parties, counsel shall be responsible for prompt submission of dismissal papers (within two weeks, absent express extension).

## PRETRIAL CONFERENCES

The court will conduct pretrial conferences in all cases to be tried. The dates of the pretrial conferences (generally 1 or 2 business days before jury selection) will be announced at the bar meeting. Pretrial conferences in cases to be tried by a Magistrate Judge will be scheduled by that Magistrate Judge.

## PRETRIAL DISCLOSURES AND PRETRIAL BRIEFS

All attorneys and unrepresented parties are reminded of their obligations under the Federal Rules of Civil Procedure and Local Civil Rules of this district, including their obligations under Fed. R. Civ. P. 26(a)(3). Counsel shall insure that all counsel and support staff involved in the pretrial or trial process have reviewed these materials.

Pretrial briefs are to be submitted via email to janderson_ecf@scd.uscourts.gov in a WORDPERFECT document (Times New Roman, 13 Pt. double-spaced).  Absent an order to the contrary, pretrial briefs are not filed or served, except for the responses to Local Civil Rules 26.05(n) and (g).  These two portions of the pretrial brief (witness and exhibit lists) should be filed and exchanged using a separate caption and cover page.   The deadline for pretrial briefs is by 5:00 p.m. exactly one week prior to jury selection.  Submissions with the pretrial brief include:  special voir dire, special jury instruction requests, exhibit list, witness list, and certificate of compliance with Local Rule 26.07 (meet, mark, and exchange exhibits).

Counsel shall review the Conference and Scheduling Order issued in their respective case.  All deadlines set therein shall be strictly adhered to.  See also attached PRETRIAL CHECKLIST.

## MEET, MARK & EXCHANGE EXHIBITS

The date to meet, mark, and exchange exhibits is exactly one week prior to jury selection.   Proper organization of this meeting should result in substantially fewer evidentiary disputes which must be resolved at trial.  Attached is a CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 26.07 FORM which may be completed by hand and submitted with the pretrial brief.

The parties shall not renumber their exhibits after the exhibit list is prepared and this meeting has occurred. If items are deleted, they should simply be struck through or marked "WITHDRAWN."  The final exhibit list required by the pretrial brief should reflect only disputes as to the exhibits which were not resolved prior to the submission of the pretrial brief.   See Local Civil Rule 26.07(c).

Do not use subsections when numbering the exhibits (i.e., 1A, 2B, 1.4); use whole numbers (1, 2, 3, 4).

## DEPOSITION DESIGNATIONS

Please use the attached DEPOSITION DESIGNATION FORM  in preparing and exchanging deposition designations and objections.  The form may be completed by hand, so long as it is legible.  Provide the court with the final form 1 full day before the start of trial.  Please follow the instructions set forth below.

•       Any parties intending to introduce deposition testimony at trial (other than for impeachment during the examination of a witness) shall designate the pages and lines of the testimony to be introduced using the first column of the attached DEPOSITION DESIGNATION FORM .

•       The opposing party shall note any objections or counter-designations in the second and third columns and return the form to the original designating party.  The basis of any objections shall be expressly stated (e.g., hearsay, relevancy, or by Federal Rule of Evidence number, etc.).

•       The original designating party shall then complete the fourth column, indicating any objection to any counter designations or any objections which are conceded.

- To the extent possible, the parties should resolve any objections during the meeting set to meet, mark, and exchange exhibits.

- A final DEPOSITION DESIGNATION FORM reflecting all sections to be read and <u>all unresolved objections shall be provided to the court 1 full day before the start of the trial</u>.

This form is used by the court to follow the testimony as it is being read and to address objections as they arise. It is, therefore, helpful for the final form to be fully in the order that it will be read (including counter-designations). This form is also filed to reflect what portions of the deposition were read into evidence. The court reporters normally take down only the discussion of objections and not the portion of the deposition that is read. Failure to comply with the relevant deadlines may be treated by the court as waiver of the right to offer deposition testimony or the right to object to any portions properly designated.

## JURY LISTS, QUESTIONNAIRES, AND VOIR DIRE

- **JURY LIST**. A copy of the jury list will be <u>available from the Clerk of Court 7 days before the date of jury selection</u>.

  Upon arrival at the jury assembly room, members of the jury panel will be shown a Juror Orientation Video. You may review a transcript of the video at www.scd.uscourts.gov/judges/J_Anderson.asp.

- **JUROR QUESTIONNAIRES**. Pursuant to Local Civil Rule 47.02, this district requires jurors to complete an extensive juror questionnaire. A sample JUROR QUESTIONNAIRE is attached hereto and is available on the district's web site at www.scd.uscourts.gov. The juror questionnaire is intended to provide more thorough information to counsel than would otherwise be available and minimize the time necessary to conduct voir dire.

  The <u>completed juror questionnaires are available for purchase at The Copy Pickup</u>, 1830 Rosewood Drive, Columbia, SC 29205 (803-799-2679) <u>beginning 7 days prior to jury selection</u>. Copies will also be available for review in the Clerk of Court's office during the same period. To protect the privacy of jurors, prior approval must be obtained on a JURY QUESTIONNAIRE REQUEST FORM (attached) to secure the questionnaires. See Local Civil Rule 47.02.

- **ADDITIONAL STANDARD QUERIES.** In addition to these written questionnaires, the court will ask potential jurors during jury selection if they know or have any connection with any of the attorneys, parties, or witnesses listed by either party in their pretrial briefs. The court will also summarize the allegations and ask if any juror is familiar with the dispute or has preconceived views which may impair their ability to be impartial.

- **SPECIAL VOIR DIRE.** <u>Requests for special voir dire shall be submitted with the pretrial brief</u>. If you intend to seek special voir dire, you must certify that the questions you seek are *not* duplicative of those asked in the juror questionnaires or the additional standard queries discussed above. See Local Civil Rule 47.04 (prohibiting requests for voir dire repetitive of questionnaires). Your certification may be attached to your proposed voir dire and should be substantially in the following form:

  *I have examined the court's standard juror questionnaires and believe the attached proposed voir dire does not duplicate these questionnaires or the court's standard inquiries as set forth in Judge Anderson's Special Instructions. I believe the following questions are reasonably necessary for selection of an impartial jury.*

Special voir dire requests should be written in such a manner that they call for response only from persons whose bias might justify exclusion or provide a rational basis for a peremptory strike (*e.g.*, NOT "has any juror ever shopped at ABC store?"; BUT "has any juror/family member/close friend had an experience shopping at ABC store which might make them favor one side or the other in this case?")

## JURY INSTRUCTION REQUESTS

- The COURT'S PRELIMINARY AND BOILERPLATE JURY INSTRUCTIONS are attached hereto. It is not necessary for counsel to submit proposed instructions as to the matters contained in the attached instructions. Nonetheless, if you in good faith believe that these standard instructions could be improved or need to be tailored for the trial in your case, you may propose alternative instructions.

- Proposed instructions shall be submitted with the pretrial brief and should be submitted in the following format: Each instruction must identify the submitting party and be numbered. Only one idea or concept should be expressed on each numbered page. The procedure of settling the jury charge during the charge conference is greatly simplified if all counsel and the court work from the same stack of numbered instruction proposals, with each proposal being contained on a separate sheet. Do not submit requests with blanks for insertion of numbers.

- Each requested instruction should contain a citation of authority. In accordance with the Local Civil Rules of this district, if out-of-state or unreported decisions are relied upon for support, copies of these decisions must be attached to the jury charge request. Do not, however, attach copies of any cases reported in Federal Reporter, Federal Supplement or South Eastern Reporter.

- Frequently, attorneys submit numerous variations of the same legal principle. While in some cases it may be appropriate and desirable to restate a doctrine of law using slightly different language to be sure the jury understands it, it is generally not helpful (and may be confusing) to repeat the same idea to the jury five or six times in different ways. Therefore, do not submit repetitive requests for the same legal concept. If you submit good faith jury instruction requests, tailored to the case, without undue repetition, the court will give conscientious consideration to your request.

- Principal trial attorneys sometimes delegate the task of jury instruction preparation to law clerks, new associates, or other attorneys who are not actively involved in the case. This sometimes results in a flood of jury instruction requests, some of which have no direct relationship to the issues. In some cases, after the court has laboriously tried to determine how the requested charge fits into the case, counsel will concede that the request was submitted in error. Trial counsel should review all pretrial submissions to insure no irrelevant or unnecessary jury instructions or other requests (*e.g.*, voir dire) are included.

- Some attorneys incorrectly assume that the only way to charge a jury is to quote directly from reported appellate decisions. Appellate judges do not write opinions with jury instructions in mind. Sometimes quotes from appellate opinions need to be reworded to make them more understandable to a jury. Restatements, hornbooks, treatises and similar sources may also be used. Don't hesitate to quote and cite authorities such as these in your jury charge requests.

- These instructions should not be construed as any attempt by the court to discourage counsel from submitting jury charge requests. Frequently, these submissions are helpful to the court and, in many cases, are adopted and incorporated into the final charge. By submitting separate legal principles on separately numbered pages, without undue repetition, attorneys can be of great assistance to the court in attempting to fashion a thorough and understandable jury charge.

## Striking the Jury

If you intend to move to strike any juror for cause based on responses to the juror questionnaires, you must submit a list of the intended strikes to the court no later than 2 business days before jury selection. Attached is a REQUEST TO STRIKE JURORS FOR CAUSE FORM which may be used for this purpose. This form may be completed by hand, but must contain all requested information.

To speed the jury selection process, the court generally first selects a panel for each case from the full venire. The court will then determine whether any jurors on the panel are listed on any properly submitted strike-for-cause list and, if so, whether the grounds are adequate to strike the juror for cause. The court will voir dire the remaining panel as to any case specific matters including the standard inquiries as to witnesses, parties and counsel, as well as any properly submitted and approved special voir dire. If this process reduces the number below that is necessary to allow for a full jury after peremptory strikes, additional names will be added to the panel at that time. In order for this process to work effectively, all requests to strike jurors for cause and all special voir dire requests must be timely submitted.

Forms Attached:

| | |
|---|---|
| PRETRIAL CHECKLIST | JUROR QUESTIONNAIRE REQUEST FORM |
| CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 26.07 FORM | JUROR QUESTIONNAIRE - SAMPLE |
| REQUEST TO STRIKE JURORS FOR CAUSE FORM | CONSENT TO MAGISTRATE FORM |
| DEPOSITION DESIGNATION FORM | COPY OF SPECIAL INSTRUCTIONS |
| JURY INSTRUCTIONS (PRELIMINARY AND BOILERPLATE) | |

# PRETRIAL CHECKLIST

## JUDGE JOSEPH F. ANDERSON, JR.

The court is providing the checklist below to assist you in complying with the pretrial requirements of the federal and local rules, and specific instruction required by this court. Please note that a number of the special requirements referenced in the third column are procedures specific to Judge Anderson's court.  The court intends to strictly enforce compliance with these requirements by refusing to accept late or improper submissions or, when that is not feasible, by imposing a fine.

| ITEM | LOCAL CIVIL RULE | SPECIAL INSTRUCTIONS | TIME FRAME |
|------|------------------|---------------------|------------|
| Consent to Trial by Magistrate Judge | 73.02(B) | form attached | any time prior to trial |
| Requests for Protection | 6.02 | | 3 days before Bar Meeting |
| Pretrial Disclosures - FRCP 26(a)(3) | 26.00 | | at least 30 days before trial |
| Meet, Mark & Exchange Exhibits | 26.07 | | 1 week prior to jury selection |
| MM&E Certificate of Compliance | | form attached | submit with pretrial brief |
| Jury List | 47.03 | | available 7 days before jury selection |
| Juror Questionnaires | 47.03 | sample attached | available 7 days before jury selection |
| Juror Questionnaire Request Form | 47.02 | form attached | submit to Jury Clerk before purchase |
| Request to Strike Jurors for Cause | 47.01-.04 | form attached | 2 days before jury selection |
| Special Voir Dire | 26.05(o); 47.04 | | submit with pretrial brief |
| Special Jury Instructions | 26.05(o) | standard attached | submit with pretrial brief |
| Pretrial Brief | 26.05 | | 1 week prior to jury selection |
| Exhibit List | 26.05(n) | | submit with pretrial brief |
| Witness List | 26.05(g) | | submit with pretrial brief |
| Pretrial Conference | | | 1 or 2 days before jury selection |
| Deposition Designations; Counter-Designations; and Objections | FRCP 26(a)(3) | form attached | 1 day before start of trial (submit in final, completed form) |
| Exhibit & Witness Objections | AO Form 187 | form attached | 1 day before start of trial |

## PLEASE REFER TO THE CASE'S SCHEDULING ORDER FOR SPECIFIC DEADLINES.

Rev. 10/05

# CERTIFICATE OF COMPLIANCE
# WITH LOCAL CIVIL RULE 26.07

STATE OF SOUTH CAROLINA   )           CERTIFICATE OF COMPLIANCE
                              )           with Local Civil Rule 26.07
COUNTY OF _____  )    (MEET, MARK & EXCHANGE EXHIBITS)

TO:   JUDGE JOSEPH F. ANDERSON, JR.

      We are counsel of record in the case of _____

v. _____, C/A No.: _____.

      We hereby certify that, in compliance with Local Civil Rule 26.07 D.S.C. and the  court's

directives, a meeting was held on _____, 200__ at _____
                                                                (Description of office where meeting was held)

at which the plaintiff(s) delivered to defendant(s) pre-marked copies of exhibit numbers _____

through _____; and defendant(s) delivered to plaintiff(s) pre-marked copies of exhibit numbers

_____ through _____ .  We certify that these are all of the exhibits we intend to use in our

respective cases at trial except as specifically exempted from Local Civil Rule 26.07.[1]

                                 _____
                                 *Name and signature of Plaintiff's Counsel*

                                 _____
                                 *Name and signature of Defendant's Counsel*

                               _____, South Carolina

                               _____, 200____

---

[1] Documents to be used solely for impeachment are exempt from Local Civil Rule 26.07.

# REQUEST TO STRIKE JURORS FOR CAUSE FORM

## BASED ON RESPONSES TO COURT'S QUESTIONNAIRES

| CASE NAME: |
| --- |
| C/A NUMBER: |
| REQUESTING PARTY: |

| JUROR NUMBER | QUESTION AT ISSUE (number) | CONCERN (if not self-evident) |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

_____
*Signature of Counsel*

Print Name:_____

Fed. ID number:_____

<u>This form must be submitted to the court no later than 2 days before the date set for jury selection.</u>

# DEPOSITION DESIGNATION FORM

DEPONENT NAME: _____ DATE OF DEPOSITION: _____

OFFERING PARTY: _____

| [party]<br>DESIGNATION | [party]<br>OBJECTION<br>EXPLAIN BASIS OF | [party]<br>COUNTER<br>DESIGNATION | [party]<br>OBJECTION (TO COUNTER DESIGNATION) OR INDICATE WITHDRAWAL OF DESIGNATION |
|---|---|---|---|
| Page _____<br>Lines _____ - _____ | | Page _____<br>Lines _____ - _____ | |
| Page _____<br>Lines _____ - _____ | | Page _____<br>Lines _____ - _____ | |
| Page _____<br>Lines _____ - _____ | | Page _____<br>Lines _____ - _____ | |
| Page _____<br>Lines _____ - _____ | | Page _____<br>Lines _____ - _____ | |
| Page _____<br>Lines _____ - _____ | | Page _____<br>Lines _____ - _____ | |
| Page _____<br>Lines _____ - _____ | | Page _____<br>Lines _____ - _____ | |
| Page _____<br>Lines _____ - _____ | | Page _____<br>Lines _____ - _____ | |
| Page _____<br>Lines _____ - _____ | | Page _____<br>Lines _____ - _____ | |
| Page _____<br>Lines _____ - _____ | | Page _____<br>Lines _____ - _____ | |
| Page _____<br>Lines _____ - _____ | | Page _____<br>Lines _____ - _____ | |

# JURY INSTRUCTIONS — PRELIMINARY AND BOILERPLATE

## JUDGE JOSEPH F. ANDERSON, JR.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| | ) | C/A No.: _____ |
| Plaintiff, | ) | |
| v. | ) | **COURT'S INSTRUCTIONS** |
| | ) | **TO THE JURY** |
| Defendant. | ) | |
| _____ | ) | |

#### Duties of Jury to Find Facts & Follow Law

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, *i.e.*, what the plaintiff must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You are bound to accept the rules of law as I give them to you whether you agree with them or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely for you to decide.

#### Burden of Proof

At the beginning of the case, I told you that the plaintiff has the burden of proving the case by a preponderance of the evidence. That means that the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put plaintiff's and defendant's evidence on opposite sides of the scales, the plaintiff would have to make the scales tip slightly on that side. If the plaintiff fails to meet this burden, the verdict must be for the defendant. Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That is a stricter standard, *i.e.*, it requires more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

#### Evidence

The evidence from which you are to decide what the facts are consists of: (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed to stipulate.

#### What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you: (1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls. (2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. (3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given. (4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

### Credibility of Witnesses

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors including the following: (1) Was the witness able to see, or hear, or know the things about which that witness testified? (2) How well was the witness able to recall and describe those things? (3) What was the witness's manner while testifying? (4) Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case? (5) How reasonable was the witness's testimony considered in light of all the evidence in the case? (6) Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence? In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail. These are some of the factors you may consider in deciding whether to believe testimony. The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other. All of these are matters for you to consider in finding the facts.

### Summaries Not Received In Evidence    [if needed]

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. Such charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### Charts And Summaries Received In Evidence    [if needed]

Certain charts and summaries have been received into evidence to illustrate facts brought out in the testimony of some witnesses. Charts and summaries are only as good as the underlying evidence that supports them. You should therefore give them only such weight as you think the underlying evidence deserves.

### Use of Depositions    [if needed]

During the trial of this case, certain testimony has been read to you by way of deposition or shown to you by way of videotape. The deposition or videotape testimony of a witness who, for some reason, cannot be present to testify from the witness stand is usually presented in writing under oath in the form of a deposition or videotape. Such testimony is entitled to the same consideration, and, insofar as possible, is to be judged as to credibility and weighed by you in the same manner as if the witness had been present.

### Opinion Evidence, Expert Witness    [if needed]

You have heard testimony from persons described as experts. Persons who, by education and experience, have become expert in some field may state their opinion on matters in that field and may also state their reasons for the opinion. Expert opinion testimony should be judged just as any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### Separate Consideration of Each Defendant    [if needed]

Although there is more than one defendant in this action, it does not follow that if one is liable, all are liable. Each defendant is entitled to a fair consideration of that defendant's own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against another. Unless otherwise stated, all instructions given apply to the case against each defendant.

### Joint Consideration of Both Defendants    [if needed]

In this case, the two defendants are related corporations.  Their positions in this lawsuit are identical.  This means that they are both either liable or not liable.  In other words, even though there are actually two defendants in the case, you should consider them as one unit in your deliberations.

### Corporations    [if needed]

The fact that a plaintiff or defendant is a corporation should not affect your decision.  All persons are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other person.

### Liability of Corporations    [if needed]

A corporation under the law is a person, but it can only act through its employees, agents, directors, or officers.  The law therefore holds a corporation responsible for the acts of its employees, agent, directors, and officers, if but only if those acts are authorized.  An act is authorized if it is a part of the ordinary course of employment of the person doing it.  Whether a particular act was authorized is a question you must decide on the evidence.  The fact that a plaintiff or defendant is a corporation should not affect your decision.  All persons are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other person.

### Transition To Liability

The plaintiff's claim in this case is based upon _____ alternative or concurrent theories.  I will first identify these theories for you and then we'll go back and discuss each one with you in detail.  The _____ theories are: (1) _____, (2) _____.        The plaintiff is not required to prove all of these theories in order for it to recover.  Proof of its claim under any one of these theories would enable you to find that it is entitled to a verdict in its favor.

### General Denial

The defendant has offered several defenses.  The first is what is known as the defense of general denial.  By this, the defendant simply says that it denies the material allegations of the complaint.  The defendant denies that it [made or breached any warranties]* to the plaintiff, and contends that [even if warranties were made, the plaintiff did not rely on these representations.]  The general denial places the burden of proof upon the plaintiff to come forward with evidence to prove these material allegations.  * Alternative Form: [was negligent and further denies that its negligence, if any, was the proximate cause of the plaintiff's injuries.]

### Affirmative Defenses — Burden of Proof    [if needed]

In addition to denying all of the material allegations of plaintiff's complaint, the defendant has asserted two affirmative defenses.  These are the defenses of contributory negligence and assumption of the risk. Just as the plaintiff has the burden of proving his case by a preponderance of the evidence, the defendant has the burden of proving that one or both of these affirmative defenses apply to it by a preponderance of the evidence.  In other words, the burden of proof with regard to these two affirmative defenses rests with the defendant. Contributory negligence, if established, provides a complete defense to the negligence claim.  Assumption of the risk, if established, provides a complete defense to both the negligence claim and the implied warranty claim.

### Transition to Damages

If you should find in accordance with these instructions that the plaintiff has failed to establish the essential elements of any of his causes of action by a preponderance of the evidence then your verdict should be for the defendant.  If, on the other hand you find that the plaintiff has established the essential elements of one or more of his causes of action by a preponderance of the evidence your verdict should be for the plaintiff and you should next consider the question of damages.

### Damages — Cautionary Instruction

The fact that I have instructed you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of Plaintiff on the question of liability, by a preponderance of evidence and in accord with the other instructions.

### Duty to Deliberate

When you retire to the jury room, you should first elect one from among you to serve as your foreperson. The foreperson you select will preside over the deliberations and speak for the jury here in court. When you retire to the jury room, you should discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict. Remember at all times that you are not partisans. You are judges— judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

### Consideration of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide. The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

### Return of Verdict

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal (or bailiff) outside your door that you are ready to return to the courtroom.

### Communicating With the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal (or bailiff), signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

AO 85

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
|  | ) | NOTICE, CONSENT AND ORDER |
|  | ) | OF REFERENCE - EXERCISE OF |
|  | ) | JURISDICTION BY A UNITED |
| Plaintiff, | ) | STATES MAGISTRATE JUDGE |
| v. | ) | |
|  | ) | C/A No.:_____ |
| Defendant. | ) | |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 8 U.S.C. § 636(c), and Fed.R.Civ.P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or

nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Signatures | Party Represented | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that this case be referred to _____,
United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c), Fed.R.Civ.P. 73 and the foregoing consent of the parties.

_____    _____
Date    United States District Judge

NOTE:  RETURN THIS FORM TO THE CLERK OF COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____

## EXHIBIT AND WITNESS LIST

V.

Case Number:

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| TRIAL DATE (S) | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of ____1____ Pages

| Print | Save As... | Export as FDF | Retrieve FDF File | New Page |
|---|---|---|---|---|
| | | | | Reset |

AO 187A (Rev. 7/87)

**EXHIBIT AND WITNESS LIST – CONTINUATION**

| | | VS. | | | | CASE NO. |
|---|---|---|---|---|---|---|

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Page _____ of _____ Pages

Print     Save As...     Export as FDF     Retrieve FDF File     Reset

18

# SPECIAL NOTICE TO COUNSEL

### JUDGE JOSEPH F. ANDERSON, JR.

*Please carefully review the following instructions that relate to problems which frequently arise regarding scheduling orders and related litigation management issues.*

## COMMUNICATIONS WITH CHAMBERS

All communications with the Court must be in writing and filed in the CM/ECF docket. It is never appropriate for counsel to call to speak with Judge Anderson on a case-related matter, and it is rarely appropriate for attorneys to copy the Court on correspondence between counsel. Facsimile should not be used unless a member of chambers staff has requested or approved the use of facsimile. Counsel should not post to the firm's directory or otherwise distribute the facsimile number of chambers.

## EXTENSION OF DEADLINES

Requests for extensions of time or protection via email, fax, mail or telephone are not accepted. The deadlines in scheduling orders issued by this Court are established with careful consideration to the nature of the case and the amount of time necessary for discovery. For this reason, extensions should seldom be necessary. If, however, it becomes necessary to seek an extension, the court only considers extension requests made by a motion in compliance with Local Rule 6.01 addressing the following:

(1)     Date of the current deadline;

(2)     Whether the deadline has been previously extended;

(3)     The number of additional days requested and the proposed new deadline;

(4)     Whether the extension would affect other deadlines;

(5)     The reasons for the requested extension;

(6)     The extent to which the parties have diligently pursued discovery during the originally specified period. This showing requires a specification of the discovery (including deposition by witness name and date) which has been completed and the depositions (including witness name) and other discovery which remain to be completed.

(7)     Whether opposing counsel consents to or opposes the extension.

Do not wait until the last day before the deadline to request an extension. Do not call chambers to determine if the extension has been granted. You may check the docket through CM/ECF. Absent extraordinary circumstances, requests should be made sufficiently in advance to allow you to receive a response before the deadline passes. *See* Local Civil Rule 6.01 and 6.02.

## COURTESY COPIES

Please provide a bound and tabbed courtesy copy to chambers of motions, related memoranda, and attachments if these documents together exceed 35 pages. Otherwise, no courtesy copies should be sent to chambers. In CM/ECF, each attachment (including exhibits) should be filed as a separate document to the main pleading and labeled with a description (i.e., "John Smith's Deposition" and not "Exhibit A").

## PROPOSED ORDERS

The court maintains an email account for the sole purpose of receiving NEFs and proposed orders. However, proposed orders are rarely necessary and should not be submitted in conjunction with motions related to scheduling, discovery or dispositive motions. Before preparing a proposed order, counsel may consider asking chambers whether a proposed order would be useful.  In the event a proposed order is requested or otherwise appropriate, counsel should file the proposed order as an exhibit to the relevant motion, and email a copy of the proposed order to janderson_ecf@scd.uscourts.gov in a WORDPERFECT document (Times New Roman, 13 pt., double-spaced).  Do not include the Judge's signature or date block or counsels' signature block.  If the motion is by consent, include all counsels' consents in the motion, and not on the order.

## WEBSITE

The District of South Carolina maintains a website (www.scd.uscourts.gov) with various forms and resources, including Judge Anderson's Filing Preferences, information on the filing of confidential and sealed documents pursuant to Local Civil Rule 5.03, as well as Judge Anderson's BAR NOTICE AND SPECIAL PRETRIAL INSTRUCTIONS.

# JUROR QUESTIONNAIRE / LIST REQUEST FORM

Judge:_____    Jury Selection Date:_____

Case Name:_____

Name of Requester:_____    Phone No.:_____    Fax No.:_____

Relationship to Case:

      Attorney For:       \_\_\_\_\_Plaintiff      \_\_\_\_\_Defendant

      Other (explain):_____

Purpose of Request:

      \_\_\_\_\_ To inspect Juror Questionnaires with struck Jury List

      \_\_\_\_\_ To purchase a copy of Jury Questionnaires with struck Jury List

      \_\_\_\_\_ To obtain copy of Jury List

> I understand the confidential information contained in these juror questionnaires and jury list is to be used solely for the purpose of evaluating potential jurors for jury service for this case and is not to be used or disseminated for any other purpose. The questionnaires and list will remain in my custody as the ordering party.   All copies of the questionnaires and jury list, on paper or disk, will be destroyed at the conclusion of the case.  The questionnaires or jury list will not reside on any computer.

_____  _____
Signature of Requester                             Date

### THIS REQUEST CAN BE APPROVED VIA FACSIMILE AT (803) 765-5283.

Clerk's Office approval by:_____  _____
                                      *Deputy Clerk*                           *Date*

Panel # _____

# STANDARD JUROR QUESTIONNAIRE

---

INSTRUCTIONS

1. Complete and return within 3 days of receipt to:

    Clerk, U.S. District Court
    Attn: Jury Administrator
    901 Richland Street
    Columbia, S.C.  29201

2. Use a black pen
3. If you want  to be excused, please use the form provided or send a separate letter.

---

Juror's Name: (Print)_____

Address: (Street)_____

(City, state & zip) _____

(County)_____

Email address:  _____

Telephone Numbers: Cell/Home (____) _____    Work ( ___ ) _____

Do you rent or own (purchasing)?____    Years at this address?_____

1.    Juror's Age: _____

    How would you describe the condition of your health? _____

    If you have any physical or medical problems which would make jury duty difficult or which require
    accommodation, please explain them here _____

    _____

**NOTE:  If you are requesting to be excused due to a problem listed above, you must submit a separate
letter which can be mailed with this questionnaire.**

2.    Juror's Education:  (please check most appropriate)

    _____ less than 6th grade          _____ technical, business or two year degree

    _____ more than 6th grade          _____ some college but no degree

           but no high school degree    _____ four year college degree in _____

    _____ high school graduate         _____ post graduate work or degree in _____

3.    List any special training or skills you have: _____

    _____

4.    What is your current job status?  (Please check most appropriate answer)

    _____ working full time    _____ unemployed      _____ homemaker

    _____ working part time    _____ retired          _____ full time student

5.    Who is your present (or most recent) employer?_____

6.    What is your present (most recent) job title?_____

7.    Describe the duties of your current (or most recent) job:

    _____

8.    If retired, disabled, or unemployed, indicate the date of your retirement or your latest employment:_____

9.    Has your occupation changed in the last five years?_____

      If yes, indicate all occupations held in the last five years:_____

10.   List all other types of jobs you have had throughout your life (not listed above):

      _____

11.   Have you ever served in the military? _____  If yes, indicate the following:

          branch of service _____   years of service _____

          rank at discharge _____   form of discharge _____

12.   Juror's Marital Status:

      _____ single, never married                  _____ widow/widower

      _____ single but previously married for _____ years     _____ other _____

      _____ currently married, have been for _____ years

                                            _____

13.   **If currently married**, provide the following information:

      a.  Spouse's education:_____

      b.  Spouse's present employment status:_____

      c.  Spouse's present occupation and employer:_____

      d.  Other types of jobs your spouse has held:_____

14.   **If you have children**, please give their ages, gender and occupations:

      _____

**Some of the questions below refer to your "family."  This is intended to include your mother, father, sisters, brothers, children, and spouse.**

15.   Other than the military, have you or any member of your family been employed by the United States government or any state or local government? _____ yes_____ no

      If yes, who was so employed, when and where?_____

16.   Have you or any member of your family ever worked for a law enforcement organization?

      _____ yes _____ no  If yes, who was so employed, when and where?_____

17.   What are your hobbies, special interests, recreational pastimes and other spare-time activities, including sports?_____

18.   What is/are your primary source(s) of news?

      _____ TV               _____ Newspaper       _____ Radio

      _____ Magazines     _____ Other  _____

      What magazines and newspapers do you regularly read?_____

19.   Have you ever been a member of a professional or job-related organization (including labor unions)?

      _____ yes _____ no  If yes, identify the organization(s): _____

20.   What social, political, civic, religious, and other organizations do you belong to or are you associated with? _____

21. Are you or any member of your family a member of **any group** which encourages strict enforcement of criminal laws or modification of our present laws such as Mothers Against Drunk Drivers (MADD), Citizens Against Violence (CAVE)? _____ yes _____ no   If yes, identify the family member (by relationship) and the group to which they belong: _____

22. Have you displayed any bumper stickers on your automobile in the last twelve months?

    _____ yes _____ no  If yes, please list each bumper sticker: _____

23. Have you or any member of your family ever suffered long-term or permanent disability?

    _____ yes _____ no  If yes, please explain:_____

24. Have you previously served on a jury?          _____ yes          _____ no

    If so, what type of case was it?          _____ criminal          _____ civil

    Was a verdict reached?          _____ yes          _____ no

    What was the verdict? _____

    Did anything happen during your previous jury service which might affect your ability to make a decision if you are selected as a juror during this term of court?

    _____ yes _____ no   If yes, please explain_____

25. Have you ever been a witness in a civil or criminal trial?

    _____ yes _____ no  If yes, please explain _____

26. Have you or anyone in your family ever been involved in a lawsuit, including a suit involving a workers' compensation claim?          _____ yes _____ no

    If yes, indicate the following:

    Family member involved: (relationship) _____

    Was that person the plaintiff (person who sues) or the defendant? _____

    What type of case was it? (example, auto accident) _____

    Who was your family member's lawyer? _____

27. Have you or any member of your family ever complained to any seller or manufacturer that a product they sold or made was defective or unreasonably dangerous?

    _____ yes _____ no  If yes, please explain _____

28. Have you or a member of your immediate family ever filed a claim with an insurance company (other than a health insurance claim)?_____ yes_____ no

    If yes, what was the nature of the claim and when was it filed?_____

    Was the claim paid?  If not, how was the matter resolved? _____

29. Have you or a member of your immediate family ever filed a complaint against a law enforcement officer or agency?          _____ yes _____ no

    If yes, what was the nature of the complaint and when was it made?          _____

30. Have you, or any close friends or relatives been the victim of a crime?

    _____ yes _____ no   If yes, please explain who the victim was and the type of crime:_____

31. Have you or any family member ever been **arrested or charged** with a crime other than a traffic offense?
    _____ yes _____ no   If yes, please explain **who** was charged and with **what crime**: _____

32.    Have **YOU** or any family member ever been **convicted** of a crime other than a traffic offense?

\_\_\_\_\_ yes \_\_\_\_\_ no  If yes, please explain **who** was convicted of **what crime** _____

**If YOU were convicted** of a crime, what was the nature of the crime charged?

_____

Was the crime punishable by imprisonment for more than one year?  \_\_\_\_\_ yes \_\_\_\_\_ no

If yes, were your **civil rights restored** and, if so, **in what manner**? _____

33.    Are any criminal charges now pending against YOU? \_\_\_\_\_ yes\_\_\_\_\_ no  If yes, what is the nature of the charge? _____

Is the crime punishable by more than one year? _____

34.    Have you or anyone in your family ever worked for:

|  | YES | NO | EMPLOYER & FAMILY MEMBER |
|---|---|---|---|
| A lawyer or law firm | \_\_\_\_\_ | \_\_\_\_\_ | _____ |
| An insurance company | \_\_\_\_\_ | \_\_\_\_\_ | _____ |
| The court system | \_\_\_\_\_ | \_\_\_\_\_ | _____ |
| A large corporation | \_\_\_\_\_ | \_\_\_\_\_ | _____ |
| A doctor, hospital, or health care organization | \_\_\_\_\_ | \_\_\_\_\_ | _____ |

35.    Have you or any member of your family ever had a drug or alcohol abuse problem?

\_\_\_\_\_ yes \_\_\_\_\_ no

If so, did they receive treatment or participate in a support group (such as Alcoholics Anonymous)?

\_\_\_\_\_ yes \_\_\_\_\_ no  If either answer above is yes, please explain _____

**The following instructions relate to all of the remaining questions.  Please read them carefully.**

It is very important in every trial to select jurors who will listen carefully to all of the evidence offered by both sides and who will decide the case fairly.  Jurors must decide cases without any bias or preconceived ideas as to how a particular type of case should be decided.  Sometimes, however, a juror's own personal feelings or views are so strong that the juror simply cannot weigh the evidence fairly in a particular type of case.  The following questions are intended to help the court determine if there are any particular types of cases on which you should not serve.  Please answer them carefully.

|  |  | I can be fair | I cannot be fair |
|---|---|---|---|
| 36. | Corporations have the same rights under the law as any individual.  Do you feel that you can be fair to both sides in a lawsuit that involves an individual on one side and a company or corporation on the other? | | |
| 37. | Foreign nationals are entitled to the same rights to a fair trial as any other person.  Do you feel that you can be fair to both sides in civil or criminal cases involving a foreign national? | | |
| 38. | Do you feel that you can fairly decide a case involving the U.S. government on one side and an individual accused of violating the law on the other? | | |
| 39. | Do you have such strong feelings about firearms that you could not be fair and impartial in a case involving the alleged use or illegal possession of a firearm? | | |
| 40. | Do you have such strong feelings regarding the use or sale of illegal drugs that you could not be fair and impartial in a case involving the alleged use or sale of illegal drugs? | | |
| 41. | Do you have such strong feelings about alcohol or drug abuse that you could not fairly weigh the evidence in a case involving the alleged use or abuse of alcohol or drugs (legal or illegal)? | | |
| 42. | Do you have such strong feelings for or against law enforcement officers that you would be unable to give both sides a fair trial in a criminal case (or in a civil case involving a law enforcement officer)? | | |
| 43. | Would any personal experiences prevent you from being fair to both sides in a case involving a person with a personal injury or disability? | | |

44.     Jurors are often required to decide which witnesses to believe and which not to believe.  In deciding believability, jurors may consider how the witnesses presented themselves, certain factors in the witnesses background, and many other factors.  However, you may not judge believability of a witness simply based on that person's occupation or position in life.

Understanding these rules, would you be able to judge the believability of law enforcement officers and other government witnesses by the same standard as any other witness?

_____ yes, I can                        _____ no, I cannot

45.     Regardless of any opinion you may have concerning a particular law, would you be able to set aside your feelings and follow the law as stated by the judge?

_____ yes _____ no

46.     If you desire to do so, you may explain any of your answers here: _____

_____

47.     Is there any additional information about you that the court should know?

_____

Thank you again for your cooperation.  Please read the following and sign below.

**The answers provided above are truthful and complete to the best of my ability.  I understand that knowingly giving a false answer may subject me to the penalties for perjury.**

**\*\*\*Please make sure you have answered <u>questions 31-33/45 and sign below.</u>\*\*\***

**SIGN HERE ➜** _____

**JUROR'S SIGNATURE**

COMPLETE AND RETURN WITH IN 3 DAYS OF RECEIPT.

**\*\*\*   <u>PLEASE INCLUDE LETTER IF ASKING FOR EXCUSE.</u>\*\*\***

The purpose of this questionnaire is to assist the court in selecting juries.  The questionnaire is being sent to you in advance of jury selection to save time during the jury selection process.  It will only be used for jury selection and may not be made available to the public.